UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                    :

CHARLES PITTS,

                     Plaintiff,     :

                                      :

        -v-                          :

COMMISSIONER OF INTERNAL REVENUE,   :

                  Defendant.    :

                                      :
-------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/05

05 Civ. 1313 (GEL)

**OPINION AND ORDER**

Anthony M. Bentley, New York, NY, for Plaintiff.

John P. Cronan, Assistant United States Attorney
(David N. Kelley, United States Attorney for the Southern
District of New York), New York, NY, for Defendant.

GERARD E. LYNCH, District Judge:

       Charles Pitts originally brought this action in the United States District Court for the

Eastern District of New York, seeking relief under the Freedom of Information Act ("FOIA").

Pitts subsequently amended his complaint, adding causes of action claiming that the defendant

violated the automatic bankruptcy stay by demanding that he file his tax returns, and charging

that defendant had violated the criminal mail fraud statute, 18 U.S.C. § 1341. While the

Government's motion to dismiss the complaint was pending, the Court in the Eastern District

transferred the case to this Court. The Government was granted leave to supplement its motions,

and did so, moving for summary judgment on the FOIA claim and relying on the papers

submitted in the Eastern District with respect to the other causes of action. Rather than respond

on the merits to the Government's motion, Pitts cross-moved to further transfer the case to the

Bankruptcy Court. The plaintiff's cross-motion will be denied, the Government's motions will be granted, and the case will be dismissed.

## DISCUSSION

I.     Freedom of Information Act

Plaintiff's first cause of action asserts that the defendant failed to produce all of the documents he requested in a FOIA request filed in August 2003. The Government seeks summary judgment on this claim.

Summary judgment may only be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party opposing summary judgment "may not rest upon mere allegations or denials," but must "set forth specific facts showing that there is a genuine issue for trial." Id. 56(e). To defeat a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. v. Zenith Radio, 475 U.S. 574, 586 1986). "[I]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, 477 U.S. 242, 249-50 (1986) (internal citations omitted). Similarly, the non-moving party cannot defeat summary judgment by "offering purely conclusory allegations of discrimination," Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985), or by offering evidence in opposition that is merely speculative. See Dister v. Continental Group, Inc., 859 F.2d 1108, 1116-1117 (2d Cir. 1988). Accordingly, to defeat summary judgment, the opposing party must set forth "concrete particulars" showing that a trial is needed. R.G. Group, Inc. v. Horn &

Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984) (internal citation and quotation marks omitted).

In FOIA cases, "[a]ffidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994). To prevail on a motion for summary judgment in a FOIA case, the Government must provide a so-called Vaughn affidavit, see Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), establishing "that its search was adequate and that any withheld documents fall within an exemption to the FOIA." Carney, 19 F.3d at 812. Discovery relating to the agency's search is unnecessary if the agency's submission is facially adequate. Id. at 812. Where an agency satisfies its burden of showing that it conducted a reasonable search for the requested records, the plaintiff must show bad faith on the part of the agency in order to defeat summary judgment. Ferguson v. FBI, 83 F.3d 41, 43 (2d Cir. 1996); Carney, 19 F.3d at 812-13.

In this case, the Government has submitted an affidavit from Thomas V. Chisari, a Disclosure Officer with the Internal Revenue Service ("IRS"), which details the extensive efforts made by the IRS to locate the records sought by plaintiff's vague request. (Declaration of Tomas V. Chisari, dated April 8, 2005 ("Chisari Decl."), ¶¶ 3-18.) An agency's FOIA search need only be reasonably designed to identify and locate responsive documents. Carney, 19 F.3d at 812-13; Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984). Chisari's detailed declaration adequately "recite[s] facts which enable the District Court to satisfy itself that all appropriate files have been searched." Church of Scientology v. IRS, 792 F.2d 146, 151 (D.C. Cir. 1986), aff'd, 484 U.S. 9 (1987), and meets the Government's burden to "explain in

3

reasonable detail the scope and method of the search conducted by the agency," and therefore "suffice[s] to demonstrate compliance" with FOIA. Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982). Having demonstrated that it has conducted a "reasonable search for relevant documents, [the Government] has fulfilled its obligations under FOIA and is entitled to summary judgment on this issue." Garcia v. United States Dep't of Justice, 181 F. Supp.2d 356, 366 (S.D.N.Y. 2002).

Unfortunately, despite these extensive efforts, the Government was unable to locate plaintiff's amended tax returns for 1992 and 1993. The Government's failure to unearth two documents desired by plaintiff (though not unambiguously within plaintiff's August 2003 FOIA request) does not defeat the Government's elaborate and uncontradicted showing that it fully satisfied its obligations under FOIA. Moreover, as it happens, in response to a subsequent September 2004 request from plaintiff, which was both broader and clearer than the August 2003 request that is the subject of this action, a different IRS Disclosure Officer unearthed 447 pages of responsive documents, including the missing 1992 and 1993 tax returns. (Declaration of Jane Loughlin, dated April 8, 2005 ("Loughlin Decl.") at ¶¶ 7-11 & Exs. A, B, D.)

The Government argues that the production of these tax returns renders plaintiff's first cause of action moot. This is not technically correct. Plaintiff's complaint alleges generally that defendant "produced less than full requested disclosure" in response to his FOIA request (Second Am. Compl. ¶ 6), and in equally general terms requests an injunction ordering defendant to desist from "withholding all records improperly withheld," and to immediately disclose such records (id. at 6, ¶ (a)). Although the Government is correct that plaintiff's opposition to the motion to dismiss filed in the Eastern District makes clear that the failure to provide copies of these tax

returns is central to his argument, his complaint requires the Court to determine more generally whether the Government has complied with its obligations. Pitts's argument suggests that the Government's initial failure to produce the returns – the existence of which it is no longer in doubt – is evidence of the Government's failure either to adequately search for responsive documents or to produce in good faith what was found. Thus, the production of these documents does not moot plaintiff's claim. The eventual production of the tax returns, however, along with the extensive searches made in response to both of plaintiff's FOIA requests (Chisari Decl. ¶¶ 2-19; Loughlin Decl. ¶¶ 7-11), conclusively belie any claim of unreasonably inadequate searches, bad faith or deliberate withholding of documents.

Pitts makes no response whatsoever to the Government's summary judgment presentation, and makes no attempt to defend his complaint or explain why he believes that he is entitled to relief. His sole response to the Government's motion seeks to have the case (which Pitts himself originally brought in the District Court for the Eastern District of New York) transferred to the Bankruptcy Court in this District. But the only comprehensible basis for this argument is that the cause of action for violating the bankruptcy stay is properly referred to the Bankruptcy Court. See Pitts v. Allied Interstate, Inc., 04 Civ. 3151 (NRB), 2004 WL 2534165 (S.D.N.Y. Nov. 8, 2004). Whatever merit this argument has with respect to Pitts's bankruptcy claim, however, it has no application to Pitts's FOIA cause of action, which is the primary claim in this lawsuit. There is reason to transfer that claim to the Bankruptcy Court, and Pitts has provided no reason to deny summary judgment.

The Government is therefore entitled to summary judgment on plaintiff's FOIA claim.

II.    Bankruptcy Stay

Plaintiff's second cause of action alleges that he has filed a petition in bankruptcy, and that defendant violated the resulting automatic stay by sending him a copy of IRS standard form CP-158, demanding that he file delinquent tax returns.  This claim is totally without merit.  A "demand for tax returns," as plaintiff admits (Second Am. Compl. ¶ 15), is specifically exempted from the bankruptcy stay.  11 U.S.C. § 362(b)(9)(C).  Although plaintiff alleges that the form "goes beyond a naked demand for tax returns" (Second Am. Compl. ¶ 16), he does not identify any aspect of the form beyond the demand for returns itself that constitutes an effort to collect, assess, or recover a pre-bankruptcy claim.  Moreover, the form, which is attached to his complaint and which therefore can be examined in connection with a motion to dismiss, belies plaintiff's allegation.

Once again, Pitts makes no response on the merits, but seeks only to delay proceedings by demanding that the case be sent to the Bankruptcy Court.  Whether or not the Court's standing order of referral would otherwise apply, in this case plaintiff's claim is transparently without merit and is tacked on to a pair of other causes of action to which the bankruptcy referral plainly has no application.  The reference to the Bankruptcy Court may be withdrawn even as to core matters where the interests of efficiency and uniformity so dictate.  In re Complete Mgmt., Inc., No. 02 Civ. 1736 (NRB), 2002 WL 31163878, at *2 (S.D.N.Y. Sept. 27, 2002); In re Chateaugay Corp., No. 00 Civ. 9429 (SHS), 2002 WL 484950, at *6-8 (S.D.N.Y. Mar. 29, 2002); see In re Wedtech Corp., 81 B.R. 237, 239-40 (S.D.N.Y. 1987).  Here, judicial efficiency mandates that Pitts's entire complaint, which has already taken the time of two courts, be considered together in a single court.

6

Accordingly, plaintiff's cross-motion to transfer the matter to the Bankruptcy Court is denied. To the extent the Court's standing order of reference to the Bankruptcy Court is applicable, the reference is withdrawn *nostra sponte*. Because plaintiff's second claim fails to state a claim for violation of the bankruptcy stay on which relief may be granted, it is dismissed.

III.   Mail Fraud

Plaintiff's third cause of action alleges that the Government violated the mail fraud statute when it argued in the Eastern District that "according to 28 U.S.C. § 1409(a), this matter may only be litigated in the Southern District of New York." (Second Am. Compl. ¶ 21.) This claim is frivolous for more reasons than are worth the paper to list. It suffices to note that first, Congress has not provided a private right of action for violating the criminal mail fraud statute, Wisdom v. First Midwest Bank, 167 F.3d 402, 408 (8th Cir. 1999); Milburn v. Blackfrica Promotions, Inc., 392 F. Supp. 434, 435 (S.D.N.Y. 1974), and second, even if such a right existed, the United States has not waived its sovereign immunity to permit such a suit against it, and absent such a waiver, any action against the United States is barred. United States v. Mitchell, 445 U.S. 535, 538 (1980). Since plaintiff may not sue to enforce this claim, and the defendant may not be sued on it, the claim must be dismissed.

This claim, indeed, would in principle warrant sanctions against plaintiff's attorney for bringing it, as the Government suggests in a footnote to its original motion to dismiss in the Eastern District. This claim is virtually a paradigm of a patently frivolous claim, for the reasons set forth above, and also vexatious, in that it was added, in response to the Government's initial effort to dismiss the Eastern District claim for want of venue, out of pique at what plaintiff's counsel evidently regarded as an incorrect and misleading argument. Once again, Pitts makes no

7

effort to defend this frivolous claim, relying solely on his motion to transfer the case to the Bankruptcy Court, which has no conceivable merit as applied to this claim.

If an attorney believes that opposing counsel has made a frivolous or dishonest argument, the remedy is to point out the error and seek sanctions, not to file a ridiculous claim charging the Commissioner of Internal Revenue with a crime. Plaintiff's attorney is admonished to avoid such demeaning and improper tactics in the future. However, as the Government rightly made only a short and effective response to this claim, it has suffered no material damage, and no further sanction is required.

Accordingly, the motion to transfer this claim to the Bankruptcy Court is denied; the Government's motion to dismiss is granted; and the Government's suggestion that sanctions should be ordered is denied.

## CONCLUSION

For the reasons stated above, plaintiff's cross-motion to transfer the case to the Bankruptcy Court is denied, and to the extent the Court's standing order of reference to the Bankruptcy Court is applicable, the reference is withdrawn. The Government's motions for summary judgment dismissing plaintiff's first cause of action, and for dismissal of his second and third claims for failure to state a claim, are granted, and plaintiff's complaint is dismissed in its entirety.

SO ORDERED.

Dated: New York, New York
     May 4, 2005

 

GERARD E. LYNCH
United States District Judge

8